IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

AMY BURNETT,

    **Plaintiff,**

v.                                                 Civil Action No. 3:25-CV-00600

**BELL ROAD APARTMENT PARTNERS, LLC,**
a Delaware limited liability company,

    **Defendant.**

## DEFENDANT BELL ROAD APARTMENT PARTNERS, LLC ANSWER TO COMPLAINT

COMES NOW Defendant Bell Road Apartment Partners, LLC ("Bell Road"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and hereby submit its Answer to Plaintiff Complaint, and would state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue in this matter, including, but not limited to, standing to sue for removal of alleged barriers she did not encounter, alleged barriers that she encountered but did not cause her any injury in fact, and/or alleged barriers which were unrelated to her alleged disability.

1

## THIRD AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff has suffered any injury or damage and denies that she is entitled to recover in the manner or form of her prayer for relief or in any other manner or form to recover from Defendant any amounts or relief of any kind or nature whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert all defenses available under Rules 8 and 12 of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

The claims made by Plaintiff are barred by the applicable statute of limitation.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the doctrine of unclean hands, waiver, estoppel, and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies that it has discriminated against the Plaintiff in any of the ways alleged in the Complaint or that she has been aggrieved by any conduct whether by commission or omission of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material and relevant to the allegations alleged in Plaintiff Complaint, Defendant operated in a reasonable, prudent manner in accordance with normal and standard industry practices for their operation and in compliance with any and all federal, state, and local laws, rules, and/or regulations.

## NINTH AFFIRMATIVE DEFENSE

In the event the Plaintiff has failed to mitigate some or all of her alleged damages and/or injuries, Plaintiff's Complaint should be dismissed or Plaintiff's recovery, if any, should be reduced or barred accordingly.

## TENTH AFFIRMATIVE DEFENSE

Defendant has not violated any duty allegedly owed to the Plaintiff in tort, contract, or under any statute, rule, regulation, or otherwise, and therefore, is not liable to Plaintiff in the amount sued for or in any amount whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds that Defendant furnished all services in a good and workmanlike manner, consistent with industry standards.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages awarded to the Plaintiff must be reduced by comparative fault or contributation of other third parties who provided labor, services, materials, and/or equipment to the subject project.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because at no time did Defendant warrant the adequacy of the contract documents or the plans and specifications.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent Plaintiff has failed to provide adequate notice of the alleged deficiencies and failing to give Defendant any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

3

Case 3:25-cv-00600    Document 13    Filed 07/10/25    Page 3 of 12 PageID #: 39

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the FHA, and would create an undue hardship for Defendant, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the physical property for its intended purpose. Defendant asserts that *de minimis* violations of federal regulations are not actionable or enjoinable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The modifications demanded by Plaintiff in this action constitute "fundamental alterations."

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees under *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant avers that the Complaint includes allegations of statutory violations for which there is no evidentiary support, including alleged conditions or barriers to accessibility which Plaintiff could not and, in fact, did not personally observe.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant avers that the Complaint is wholly devoid of factual allegations as to how Plaintiff alleges that Defendant has violated FHA and/or the ADA and reserves the right to bring a Motion pursuant to Fed. R. Civ. P. 12(e) or otherwise to address Plaintiff deficient pleading of a cause of action against Defendant.

Now, in answer to the specifically enumerated paragraphs of Plaintiff Complaint, Defendant states as follows:

## I.
## INTRODUCTION

1. Paragraph 1 of the Complaint is Plaintiff's statement of the statutory basis of this action and a description of the allegations of the lawsuit, and, as such, requires no response from the Defendant. To the extent any response is required, Defendant denies that Plaintiff has stated any colorable claim for relief in their Complaint and specifically denies that they are violated.

2. Paragraph 2 of the Complaint is Plaintiff's statement of the form of relief she seeks, as well as the statutory basis for said relief, and as such, requires no response from Defendant. To the extent any response is required, Defendant denies that Plaintiff has suffered any injury or stated any claim entitling her to any form of damages and denies that it is liable to Plaintiff for any such relief whatsoever. Defendant further states that the cited statute speaks for itself. Defendant further expressly denies any and all additional allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3. Defendant admits the allegations of Paragraph 3 of the Complaint that Plaintiff brings this action pursuant to the accessibility requirements for new multifamily construction contained in the FHA. Defendant further admits that portions of the Property, as defined in the Complaint, is a "multi-family dwelling" under the FHA. Defendant denies that the Property has "barriers to access" in any area and denies that Defendant designed the Property and that Defendant failed to construct the Property with accessible and usable features of accessibility as required by the FHA. Defendant further denies that Plaintiff is entitled to any declaratory or injunctive relief based on the allegations in the Complaint. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 3 of the Complaint, and therefore, these allegations are denied, and strict proof is demanded thereof.

4. Defendant denies the allegations in Paragraph 4 of the Complaint and strict proof is demanded thereof.

## II.
## JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, Defendant admits that the Plaintiff brought claims under various federal statutes. Defendant admits that this Court has subject matter jurisdiction over this matter, without admitting that Plaintiff has stated any colorable claim for

relief by this Complaint. Defendant specifically denies that it has violated the cited statutes. Defendant further denies that the Plaintiff has any standing to bring this action, and that in the alternative, the action is moot. Defendant further denies that the Complaint pleads a basis for subject matter jurisdiction under 42 U.S.C. § 12188.

6. Defendant admits that it has done business in this judicial district but denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that venue is proper in this judicial district but denies the balance of the remaining allegations of Paragraph 7 of the Complaint.

## III.
## PARTIES

8. To the extent that Paragraph 8 of the Complaint calls for legal conclusions or asserts questions of law for the Court to determine, no response is required; therefore, denied. Defendant admits that "handicapped" is a protected class under the FHA. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of, the remaining allegations in Paragraph 8 of the Complaint; therefore, denied.

9. Defendant admits it is identified correctly and admits that it is the owner of the Property. The remaining allegations in Paragraph 9 of the Complaint are denied.

## IV.
## STATUTORY BACKGROUND

**A. The FHA**

10. The allegations in Paragraph 10 of the Complaint contain or constitute legal conclusions or commentary regarding the legislative history of the FHA and require no response. To the extent a response is required, the legislative history of the FHA speaks for itself.

11. Paragraph 11 of the Complaint, including subparts (a) through (f), are Plaintiff's restatement of the specific statutory requirements for accessibility of covered new multifamily residential construction under the FHA, specifically 42 U.S.C. § 3604(f)(3)(C). Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendant denies that Plaintiff has stated a colorable claim for relief in this Complaint. To the extent that Paragraph 11 contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

12. The allegations in Paragraph 12 of the Complaint contain or constitute legal conclusions or commentary regarding the legislative history of the FHA and require no response. To the extent a response is required, the legislative history of the FHA speaks for itself.

13. The allegations in Paragraph 13 of the Complaint contain or constitute legal conclusions or commentary regarding executive agency rules and regulations related to the FHA and require no response. To the extent a response is required, the standards and regulations referenced in Paragraph 13 of the Complaint speak for themselves.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 of the Complaint contain or constitute legal conclusions or commentary regarding enforcement provisions of the FHA and require no response. To the extent a response is required, the enforcement provisions of the FHA and related legal authority speak for themselves.

16. Paragraph 16 of the Complaint calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendant denies that Plaintiff has stated a colorable claim for relief in this Complaint.

To the extent that Paragraph 16 of the Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

17. The allegations in Paragraph 17 of the Complaint contain or constitute legal conclusions or commentary regarding enforcement of the FHA and require no response. To the extent a response is required, the enforcement provisions of the FHA and related legal authority speak for themselves.

## V.
## FACTUAL BACKGROUND

### A. The "Property."

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

### B. Plaintiff Visits to the Property.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies the allegations in Paragraph 23 of the Complaint. Defendant denies that the Property has accessibility barriers that would interfere with the ability to access and use the residential facilities.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks sufficient knowledge or information of the truth of the allegations in Paragraph 27 of the Complaint; therefore, denied.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies the allegations in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

**C. FHA Violations**

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, including subparts (a) through (f).

37. Defendant denies the allegations in Paragraph 37 of the Complaint, including subpart (a).

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

**VI.**
**Cause of Action**
**For violation of the FHA, 42 U.S.C. § 3601, et. Seq.**

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant admits the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant admits the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint, including subparts (a) through (c).

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

## VII.
## PRAYER FOR RELIEF

45. Defendant specifically denies that the Plaintiff is entitled to any of the relief sought in her "PRAYER FOR RELIEF" subsection of their Complaint, including subparts (a) through (h).

46. To the extent that Defendant has failed to respond to any of the separately numbered paragraphs of Plaintiff Complaint, such allegations are specifically denied, and strict proof is demanded thereof.

47. Defendant reserves the right to amend its Answer and plead additional defenses and to plead its defenses more specifically at the conclusion of its investigation and discovery in this matter.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, in fully answering the Complaint against it, respectfully prays for relief as follows:

1. Plaintiff take nothing by way of the Complaint;

2. Defendant be immediately dismissed with prejudice from this action;

3. Complaint be dismissed with prejudice in its entirety;

4. Judgment be entered in favor of Defendant.

5. Defendant be granted its reasonable attorneys' fees, costs, including discretionary costs, and expenses; and

6. The Court award Defendant such other and further relief as it deems just and appropriate.

/s/ Brian L. Yoakum
Brian L. Yoakum (TN Bar No. 24811)
John D. Willet (TN Bar No. 18958)
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
jwillet@evanspetree.com
byoakum@evanspetree.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July 2025 the foregoing pleading was served via the Court's ECF system upon the following counsel of record:

Rebecca Hutto
Wampler, Carroll, Wilson,
and Sanderson, PLLC
208 Adams Avenue
Memphis, TN 38103
rebecca@wcwslaw.com
Attorney for Plaintiff

/s/ Bryan L. Yoakum
Certifying Attorney
