IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY BURNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:25-cv-00600 |
| | ) District Judge Eli J. Richarson |
| BELL ROAD APARTMENT PARTNERS, LLC, HUMPHREYS & PARTNERS ARCHITECTS, INC., RAGAN-SMITH-ASSOCIATES, INC., BACAR CONSTRUCTORS, INC., and HETHCOAT AND DAVIS, INC, | ) Magistrate Judge Alistair Newbern ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**BACAR CONSTRUCTORS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Defendant Bacar Constructors, Inc. (hereinafter, "Bacar"), by and through undersigned counsel, and for its Answer to Plaintiff Amy Burnett (hereinafter, "Plaintiff")'s Amended Complaint would respond as follows:

**FIRST AFFIRTMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any legal, equitable, or other relief from this Defendant, and Plaintiff's actions are barred as a matter of law to the extent they seek any relief from this Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Defendant would affirmatively aver and allege that it owes no duty of care to Plaintiff, breached no duty of care, and acted in accordance with generally accepted industry standards.

## FOURTH AFFIRMATIVE DEFENSE

Defendant would affirmatively aver and allege that the damages are not the proximate result of any allege act or failure of this Defendant, and therefore, Plaintiff are not entitled to recover from this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead or assert additional defenses and/or cross, counter, or third-party claims should such be necessary and/or appropriate.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise revealed during the litigation of this case.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged that Plaintiff otherwise meets the requirements and/or qualifications to buy or rent the property, and no reasonable accommodation would render the Plaintiff qualified.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lack standing by alleging a generalizing grievance common to a large number of citizens. Plaintiff have not alleged that Plaintiff personally suffered some actual or threatened injury as a result of putatively illegal conduct.

AND NOW, without waiving any of the above defenses, Bacar would respond to the specific allegations of the Plaintiff's Complaint as follows:

## I. INTRODUCTION

1. Bacar contends that the statutory provisions cited in Paragraph 1 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. Bacar denies that it violated any of said statutory provisions. To the extent that Paragraph 1 contains any factual allegations, Bacar is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

2. Bacar contends that the statutory provisions cited in Paragraph 2 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. Bacar denies that it violated any of said statutory provisions. To the extent that Paragraph 2 contains any factual allegations, Bacar is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

3. To the extent the allegations set forth in Paragraph 3 call for a legal conclusion, no response is required. All remaining factual allegations are hereby denied.

4. To the extent the allegations set forth in Paragraph 4 call for a legal conclusion, no response is required. All remaining factual allegations are hereby denied.

## II. JURISDICTION AND VENUE

5. Bacar admits that jurisdiction and venue are proper in this judicial district. To the extent that Paragraph 5 contains any factual allegations, they are hereby denied.

6. Bacar admits that jurisdiction and venue are proper in this judicial district. To the extent that Paragraph 6 contains any factual allegations, they are hereby denied.

7. Bacar admits that jurisdiction and venue are proper in this judicial district. To the extent that Paragraph 7 contains any factual allegations, they are hereby denied.

## III. PARTIES

8. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Amended Complaint.

9. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Amended Complaint.

10. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Amended Complaint.

11. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Amended Complaint.

12. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Amended Complaint.

13. Admitted.

14. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint.

### IV. STATUTORY BACKGROUND

#### a. The FHA

15. Bacar contends that the statutory provisions cited in Paragraph 15 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. To the extent the allegations of Paragraph 15 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

16. Bacar contends that the statutory provisions cited in Paragraph 16 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. To the extent the allegations of Paragraph 16 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

17. Bacar contends that the statutory provisions cited in Paragraph 17 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. To the extent the allegations of Paragraph 17 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

18. Bacar contends that the statutory provisions cited in Paragraph 18 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. To the extent the allegations of Paragraph 18 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

19. Denied.

20. Bacar contends that the statutory provisions cited in Paragraph 20 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. To the extent the allegations of Paragraph 20 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

21. Bacar contends that the statutory provisions cited in Paragraph 21 of the Amended Complaint speak for themselves and any allegation inconsistent therewith is denied. To the extent the allegations of Paragraph 21 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

22. To the extent the allegations of Paragraph 22 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

## V. FACTUAL BACKGROUND

### a. The Property

23. Admitted.

24. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Amended Complaint.

25. To the extent the allegations of Paragraph 25 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

26. To the extent the allegations of Paragraph 23 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

27. Denied.

    b. **Plaintiff's Investigation**

28. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

29. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Amended Complaint.

30. Denied.

31. Denied.

32. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Amended Complaint.

33. Denied.

34. Denied.

35. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint.

36. Denied.

37. To the extent the allegations of Paragraph 37 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

38. Denied.

39. To the extent the allegations of Paragraph 39 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

40. Denied.

41. Bacar is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint.

42. Denied.

    c. **FHA Violations**

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## VI. CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq.

48. Bacar incorporates its responses in the previous paragraphs of this Answer as if fully set forth herein.

49. To the extent the allegations of Paragraph 49 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

50. To the extent the allegations of Paragraph 50 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

51. To the extent the allegations of Paragraph 51 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

52. Denied.

53. Denied.

WHEREFORE, having fully answered, Bacar denies the allegations contained in the Prayer for Relief, denies each and every allegation not previously addressed, denies that it is in any way caused or contributed to Plaintiff's alleged injuries, denies that it is liable to Plaintiff in any sum or sums, and prays that the Complaint be dismissed with costs and attorney's fees taxed to Plaintiff.

Respectfully Submitted,

*/s/ Shannon M. Renne*
Gregory L. Cashion (No. 10697)
Shannon M. Renne (No. 42544)
SMITH CASHION & ORR, PLC
One American Center
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
(615) 742-8555
gcashion@smithcashion.com
srenne@smithcashion.com
*Counsel for Defendant Bacar Constructors, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this **November 9, 2025,** a true and correct copy of ***Bacar Constructors, Inc.'s Answer to Plaintiff's Amended Complaint*** was filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

| | |
|---|---|
| Rebecca Hutto<br>WAMPLER, CARROLL, WILSON,<br>AND SANDERSON, PLLC<br>208 Adams Avenue<br>Memphis, TN 38103<br>901-523-1844<br>rebecca@wcwslaw.com<br>*Counsel for Amy Burnett* | Brian L. Yoakum<br>John D. Willet<br>Evans Petree, PC<br>1715 Aaron Brenner Drive<br>Suite 800<br>Memphis, TN 38120<br>901-525-6781<br>byoakum@evanspetree.com<br>jwillet@evanspetree.com<br>*Counsel for Bell Road Apartment Partners, LLC and 2nd Wave Development, LLC* |

*/s/ Shannon M. Renne*
Shannon M. Renne