IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMY BURNETT,

    Plaintiff,

v.                                                                          No. 3:25-CV-00600

BELL ROAD APARTMENT PARTNERS, LLC,
HUMPHREYS & PARTNERS ARCHITECTS, INC.,
2ND WAVE DEVELOPMENT, LLC,
RAGAN-SMITH ASSOCIATES, INC., and
BACAR CONSTRUCTORS, INC.,

    Defendants.

## DEFENDANTS BELL ROAD APARTMENT PARTNERS, LLC AND 2ND WAVE DEVELOPMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**COME NOW**, Defendants, Bell Road Apartment Partners, LLC ("Bell Road") and 2nd Wave Development, LLC ("2nd Wave," and collectively, "Defendants"), by and through undersigned counsel, and respectfully move this Court to dismiss Plaintiff Amy Burnett's ("Plaintiff") Second Amended Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants state as follows:

1. Plaintiff's Second Amended Complaint alleges violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "FHA"), 42 U.S.C. §§ 3601–3619 due to the alleged lack of accessible features at the multifamily housing project located at 1500 Bell Road, Nashville, Tennessee 37211.

1

2. Plaintiff's Second Amended Complaint fails to sufficiently allege that Plaintiff suffered from an injury in fact, which is necessary to establish Article III standing. Because Plaintiff's Second Amended Complaint fails to establish the requisite Constitutional standing required to assert a claim against Defendants under the FHA, and because a lack of standing is a jurisdictional matter, Plaintiff's Second Amended Complaint must be dismissed pursuant to Rule 12(b)(1).

3. Likewise, Plaintiff's Second Amended Complaint fails to allege any particularized damages proximately caused by Defendants' alleged violations of the FHA, and as a result, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, warranting dismissal under Rule 12(b)(6).

4. Defendants rely upon and incorporate by reference their Memorandum of Law in Support of this Motion to Dismiss, filed contemporaneously herewith, as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request that this Court enter an Order granting their Motion to Dismiss, dismissing all claims against them with prejudice under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and granting such other relief as the Court deems just and proper.

Respectfully submitted,

**EVANS PETREE PC**

/s/ John D. Willet
John D. Willet    (TN Bar No. 18958)
Brian L. Yoakum    (TN Bar No. 24811)
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 525-6781
jwillet@evanspetree.com
byoakum@evanspetree.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December 2025 the foregoing was served via the Court's ECF system upon the following counsel of record:

Rebecca Hutto
Wampler, Carroll, Wilson & Sanderson, PLLC
208 Adams Avenue
Memphis, Tennessee 38103
rebecca@wcwslaw.com
Attorney for Plaintiff

Vic. L. McConnell
Smith, Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
vmcconnell@smithcashion.com
Attorney for Humphrey's & Partners Architects, Inc.

Shannon Marie Renne
Smith, Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
srenne@smithcashion.com
Attorney for BACAR Constructors, Inc.

/s/ John D. Willet
Certifying Attorney