IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMY BURNETT,

    **Plaintiff,**

    v.                                                                       Case No. 3:25-CV-600

BELL ROAD APARTMENT PARTNERS, LLC,
HUMPHREYS & PARTNERS ARCHITECTS, INC.,
2ND WAVE DEVELOPMENT, LLC,
RAGAN-SMITH ASSOCIATES, LLC, and
BACAR CONSTRUCTORS, INC.,

    **Defendants.**

### JOINT PROPOSED AMENDED CASE MANAGEMENT ORDER

Pursuant to this Court's Order entered on February 18, 2026 and Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f).

**A.    JURISDICTION:**

The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a).

**B.    BRIEF THEORIES OF THE PARTIES:**

For Plaintiff: Plaintiff alleges violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act of 1988 (FHA), 42 U.S.C. §§3601-3619, and the Americans with Disabilities Act (ADA) with regard to lack of accessibility at the Maxwell apartment complex.

For Defendants:

Bell Road Apartment Partners, LLC ("Bell Road") and 2nd Wave Development, LLC ("2nd Wave") are the owner and developer of the multifamily apartment complex located at 1500 Bell Road, Nashville, Tennessee 37211 (the "Property"). In addition to their Affirmative Defenses in its Answer and arguments presented in their Motion to Dismiss and Memorandum in Support thereof, including any amendments thereto, Bell Road and 2nd Wave deny that Plaintiff has been discriminated against in any of the ways alleged in Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint. Bell Road and 2nd Wave further assert that Plaintiff lacks standing to bring the claims asserted in her Complaint, Amended Complaint, and Second Amended Complaint. Plaintiff's claims should be denied to the extent alleged violations are within safe harbors, recognized tolerances, and/or variances. Bell Road and 2nd Wave may also rely on the doctrine of mootness to the extent any barriers alleged by Plaintiff, if any exist, may be remediated prior to the adjudication of this action.

**C.    ISSUES RESOLVED:**

Jurisdiction and venue.

**D.    ISSUES STILL IN DISPUTE:**

Standing, damages and liability, and potential responsibility for any noncompliance of third-parties who were involved in the design and construction of the subject property.

**E.    INITIAL DISCLOSURES:**

2nd Wave Development, LLC, Humphreys & Partners Architects, Inc., Ragan-Smith Associates, LLC, and BACAR Constructors, Inc. shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **March 26, 2026**.

### F. CASE RESOLUTION PLAN AND JOINT ADR REPORTS:

Approximately fourteen (14) days after the conclusion of fact discovery, on or by **[xx]**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

### G. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before **July 31, 2026**. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than **June 15, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute

telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated. All motions related to fact discovery shall be filed no later than **June 30, 2026**.

> **H.** **DISCLOSURE AND DEPOSITIONS OF EXPERTS:**

The Plaintiff must identify and disclose all expert witnesses and expert reports on or before **May 1, 2026**. The Defendant must identify and disclose all expert witnesses and reports on or before **June 15, 2026**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **July 31, 2026**.

> **I.** **NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

4

Case 3:25-cv-00600   Document 64   Filed 03/06/26   Page 4 of 6 PageID #: 1602

**J. DISPOSITIVE MOTIONS:**

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **August 17, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio,* 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

**M. ELECTRONIC DISCOVERY:**

The parties agree to conduct electronic discovery as provided by Administrative Order 174-1. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

5

N. **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

P. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately 2 days. A trial date no earlier than **January 19, 2027** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Eli J. Richardson. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so **ORDERED**.

_____
LUKE A. EVANS
UNITED STATES MAGISTRATE JUDGE